## Fisher, Appellant, v. Pennsylvania R. R. Co.

*Negligence — Railroads — Fall of telephone pole — Evidence — Offer.*

1. In an action to recover for death of plaintiff's husband killed by the fall of a telephone pole, alleged to have been improperly installed, which, though standing on defendant's land, belonged to another corporation, plaintiff cannot recover where she entirely fails to show when the pole was planted.

2. A written agreement between the two companies is insufficient to establish such date, where the agreement merely controlled the erection of poles generally at and about the point of the accident, and the agreement was offered in evidence by plaintiff for a different purpose.

Argued February 8, 1921. Appeal, No. 246, Jan. T., 1921, by plaintiff, from judgment of C. P. Chester Co.,

540 FISHER, Appellant, *v.* PENNSYLVANIA R. R. CO.

Oct. T., 1918, No. 6, on directed verdict for defendant, in case of Lydia D. Fisher v. Pennsylvania R. R. Co. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Trespass for death of plaintiff's husband. Before HAUSE, J.

The opinion of the Supreme Court states the facts.

At the trial the court affirmed request for binding instructions for defendant and judgment was entered accordingly. Plaintiff appealed.

*Error assigned,* among others, was above instructions, quoting point and answer.

*J. Paul MacElree,* for appellant.

*A. M. Holding,* for appellee.

PER CURIAM, February 28, 1921:

Plaintiff is the widow of Bayard T. Fisher, deceased, who was killed by the fall of a telephone pole, which, though standing on land of defendant railroad company, belonged to another corporation. Plaintiff claimed that defendant's negligence, in failing to inspect the pole and discover an alleged rotten condition at its base, was responsible for the death of her husband. A verdict was directed for defendant, judgment was entered thereon, and this appeal followed.

Notwithstanding the able argument of counsel for plaintiff, we are not convinced of reversible error. Without discussing the question of defendant's obligation to inspect and discover defects in the pole, which is questionable, it is sufficient to say that, since plaintiff entirely omitted to show when the pole was planted, she failed to fix defendant with negligence in the premises.

Plaintiff relies on a written agreement between the railroad and the telephone companies, controlling the

erection of poles generally at and about the point of the accident, as "indicating" that the particular pole which caused the injury here complained of "was erected in 1905"; but, on her own theory as to the character of the pole in question, this piece of evidence is insufficient to fix the date of its erection, so as to charge defendant with negligence; particularly is this so, when we consider, as we must, that the agreement was offered in evidence, by plaintiff, for quite another purpose.

The judgment is affirmed.